09-4382-ag
Li v. Holder

BIA
Mulligan, IJ
A090 347 456

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand eleven.

PRESENT:

DENNIS JACOBS,
*Chief Judge,*
ROBERT D. SACK,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

DE DONG LI, also known as DEDONG LI,
*Petitioner,*

v.                                          09-4382-ag
                                            NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Deitz P. Lefort, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

De Dong Li, a native and citizen of the People's Republic of China, seeks review of a September 25, 2009, order of the BIA affirming the January 14, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Dong Li,* No. A090 347 456 (B.I.A. Sept. 25, 2009), *aff'g* No. A090 347 456 (Immig. Ct. N.Y. City Jan. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-67 (2d Cir. 2008). For asylum applications governed

by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on the inconsistency in Li's testimony regarding where on his face he had been bruised. *See Xiu Xia Lin*, 534 F.3d at 167. Although Li argues that he pointed to the right side of his face to indicate his face as a whole rather than to specify the right side, the agency reasonably declined to credit Lin's explanation for this inconsistency, as the record establishes that there was no objection to the IJ's note that Lin had specified the right side of his face. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, the IJ did not err in relying on Li's demeanor as additional support for his adverse credibility finding. The IJ noted a number of specific aspects of Li's demeanor that contributed to his adverse credibility finding, such as Li's apparent nervousness when his

3

testimony was challenged and his shaking and wringing of his hands at crucial points during his testimony. We defer to an IJ's assessment of demeanor. *Majidi*, 430 F.3d at 80-81 (noting the particular weight accorded to the IJ's demeanor findings).

Because Li's claims all were based on the same factual predicate, the agency's adverse credibility determination was a proper basis for denial of his application for asylum, as well as for withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4